FAIRBROTHER *v.* SHAW *et al.*

In order to enforce the performance of a parol contract for the sale and conveyance of real estate, the existence of the contract and its terms, must be shown, and that the vendee, either paid a part of the purchase money, or took possession of the land, under the contract.

*Appeal from the Jackson District Court.*

THIS was a bill to enforce the fulfillment of an alleged contract for the sale and conveyance of a parcel of land. The contract is not alleged to be in writing, but the complainant avers, that John Shaw, in his lifetime, contracted to sell the said parcel for the sum of fifty dollars; that he paid deceased in his life, a part of the price, to wit: $23.25; that he has ever been ready to pay the balance, and brings it into court; and that he took possession of the land by virtue of the contract, and with the consent of the said Shaw. The answer is sworn to, being called for under oath, and it denies the existence of such contract.

Porter et al. v. Green et al.

*Smith, McKinlay & Poor,* for the appellants.

*J. W. Jenkins,* for the appellee.

WOODWARD, J.—It is not claimed that the contract was in writing. Then the complainant must show the existence of the contract, and also, either that he paid a part of the purchase money, or that he took possession under the contract. There is some testimony showing the existence of *an* agreement relating to some land, but it is doubtful whether it clearly applies to the parcel here claimed; and admitting that it applies to this land, yet, there is nothing showing the terms of the agreement. But waiving this point, there is no testimony tending to show a payment on this contract. The administrator admits that the deceased had had lumber of the petitioner, at different times, amounting to about the sum claimed to have been paid, but she does not know, nor believe, that it had any relation to such purchase. This is all the testimony on this point. On the question whether the complainant took possession under the contract, we are compelled to say, that there is no evidence. We are clearly of the opinion, that the decree below should have been in favor of the respondents, and, therefore, the decree of the District Court is hereby reversed.